UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: COLUMBIA AND SNAKE RIVER DAMS
CLEAN WATER ACT LITIGATION                                            MDL No. 2494


TRANSFER ORDER


**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiff Columbia Riverkeeper moves to centralize this litigation in the District of Oregon. This litigation currently consists of three actions pending in the District of Oregon, the Eastern District of Washington, and the Western District of Washington, as listed on Schedule A. Defendants in all three actions—the U.S. Army Corp of Engineers and its Commanding General and Chief of Engineers, Lieutenant General Thomas P. Bostick (collectively, the Corps)—support the motion, but favor the Eastern District of Washington as the transferee forum.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization of these actions in the Eastern District of Washington will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions arising out of allegations that eight hydroelectric dams operated by the Corps discharge pollutants into the waters of the Columbia and Snake Rivers in violation of section 301(a) of the Clean Water Act, 33 U.S.C. § 1311(a). Several of the dams at issue span state (and district) boundaries and are subject to more than one action, raising the specter of duplicative discovery and inconsistent pretrial rulings. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary.

We have selected the Eastern District of Washington as the most appropriate transferee district for this litigation. This district will be most convenient for the parties and witnesses, as seven of the eight dams—where both parties expect relevant documents and witnesses to be found—as well as the Corps' Walla Walla District Office are located there.[1] By selecting the Honorable Lonny R. Suko to preside over

---

[*] Judge Marjorie O. Rendell took no part in the decision of this matter.

[1] We are not convinced by Columbia Riverkeeper's argument in favor of the District of Oregon based on the pendency of an action there between the same (and other) parties over the same (and other) dams. *See Nat'l Wildlife Fed'n v. Nat'l Marine Fisheries Serv.*, C.A. No. 3:01-00640, 839 F. Supp. 2d 1117 (D. Or. 2011). That action involves different claims (primarily involving the effect of river levels

(continued...)

-2-

this matter, we are selecting an experienced jurist with the willingness and ability to oversee this litigation.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A pending outside the Eastern District of Washington are transferred to the Eastern District of Washington and, with the consent of that court, assigned to the Honorable Lonny R. Suko for coordinated or consolidated pretrial proceedings with the action pending there.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Paul J. Barbadoro     Charles R. Breyer
Lewis A. Kaplan     Sarah S. Vance
Ellen Segal Huvelle



10:28 am, Dec 16, 2013


_____
LONNY R. SUKO
SENIOR UNITED STATES DISTRICT JUDGE

---

[1](...continued)
and spill operations on salmonid populations) under a different statute (the Endangered Species Act). Thus, it seems very unlikely that an injunction issued in one litigation would conflict with an injunction issued in the other.

IN RE: COLUMBIA AND SNAKE RIVER DAMS
CLEAN WATER ACT LITIGATION                                   MDL No. 2494

## SCHEDULE A

<u>District of Oregon</u>

Columbia Riverkeeper v. U.S. Army Corps of Engineers, et al., C.A. No. 3:13-01310

<u>Eastern District of Washington</u>

Columbia Riverkeeper v. U.S. Army Corps of Engineers, et al., C.A. No. 2:13-00282

<u>Western District of Washington</u>

Columbia Riverkeeper v. U.S. Army Corps of Engineers, et al., C.A. No. 3:13-05640